UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ADALBERTO RUIZ, Jr.,<br>    Plaintiff | )<br>)<br>) | |
| v. | )<br>) | |
| CITY OF WORCESTER, a municipal<br> Corporation, DETECTIVE JEFFREY P.<br>CARLSON, CHIEF OF POLICE GARY<br>J. GEMME, TROOPER SEAN P. HEALY,<br>TROOPER NICHOLAS E. NASON and<br>TROOPER SGT. DAVID A. NIEVES,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action 4:15-CV-40076 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant, Trooper Sean P. Healy and Defendants Trooper Nicholas E. Nason, Trooper David A. Nieves and Detective Jeffrey P. Carson (collectively, Defendants), hereby move this Court, pursuant to Fed. R. Civ. P. Rule 56(b), to grant summary judgment as to Count IV of Plaintiffs' Complaint (Doc. 1, the operative pleading) in favor of Defendants. The above count cannot survive summary judgment because Plaintiff has no reasonable expectation of proving Count IV (Conspiracy), against Defendant Trooper Sean P. Healy and the other named Defendants. Count IV, conspiracy against all Defendants, with insufficient allegations to show an agreement between the officers, and the alleged filing of false reports is itself insufficient to support a violation. Therefore, Defendants are entitled to judgment as a matter of law on this one count which comprises the count against Trooper Sean P. Healy in the Plaintiff's Complaint and one of several counts against Defendants Trooper Nicholas E. Nason, Trooper David A. Nieves and Detective Jeffrey P. Carson.

## I. STANDARD OF REVIEW OF MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure permits the Court to grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding the motion, the court must view "the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir. 1995). The moving party must demonstrate an absence of evidence supporting the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The opposing party must then set forth specific facts showing that there is a genuine issue of material fact, and may not rest on the allegations or denials of the pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), or rely upon "improbable inferences" and "unsupported speculation" to establish any element essential to his or her case. Goldman v. First National Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## II. ARGUMENT

<ins>Count IV - Conspiracy Claim Fails for Lack of Adequate Basis</ins>.

Plaintiff alleges in his Complaint a conspiracy claim against Trooper Sean P. Healy, Trooper Nason, Sgt. Nieves and Detective Carlson without specificity, stating only that "Defendants did conspire to "concoct a story regarding the circumstances of Ruiz's arrest in order to hide Ruiz' beating by preparing and submitting false police report(s) and concealing evidence that would have demonstrated Plaintiff's innocence." (Doc. 1, ¶ 188). To prevail on the civil conspiracy claim, Plaintiff must show that the Defendant troopers and officers were part

of a "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damages'" to Plaintiff. Therrien v. Hamilton, 849 F. Supp. 110, 115 (D. Mass. 1994).

In the present action, Plaintiff's Complaint fails to state the requisite specific factual basis supporting the existence of a conspiracy. See McGillicuddy v. Clements, 746 F.2d 76, 77-78 (1st Cir. 1984) (conspiracy allegations insufficient in absence of specific allegations; it is inadequate to allege that defendants acted jointly in concert). Plaintiff's Complaint does not state with any specific factual basis the existence of a conspiracy, an agreement by the parties to the alleged conspiracy, or how the Defendants' alleged agreement resulted in harm to Plaintiff, or that the alleged conspirators shared the same objective. Id. Plaintiff asserts only a conclusory allegation without any factual basis. In addition, no evidence testified to by any deponent during the course of discovery or any documents of any sort support any element of a conspiracy allegation.

Further, there are already torts alleged against the other Defendants so that a conspiracy count is unnecessarily redundant. "Where the allegations of conspiracy add nothing to the underlying tort allegations, the courts have repeatedly held that 'the gist of such an action is not the conspiracy alleged, but the tort committed against the plaintiff.'" Putman v. Adams Comm. Corp., No. 84–0355–S, 1987 WL 13262, at *9 (D. Mass. June 15, 1987) (citation omitted). Plaintiff's conspiracy claim is based on the allegation that Trooper Healy filed false police reports. However, even if the police reports would be proven to be false, the "mere filing of the false police reports, by themselves and without more, [does] not create a right of action in damages under 42 U.S.C. § 1983." Landrigan v. Warwick, 628 F.2d 736, 745 (1st Cir. 1980). Thus, in the absence of any evidence as to the elements of a conspiracy, all individual Defendant

troopers and officers are entitled to summary judgment in their favor as to the conspiracy claim in Count IV of Plaintiff's Complaint. It is also important to note that Trooper Healy was not present at the time of the arrest which is the ultimate reason for this suit.

### III. CONCLUSION

For the above-stated reasons, Defendants Trooper Sean P. Healy, is entitled to summary judgment as to Count IV (the only count against him in the Plaintiff's Complaint) and Trooper Nicholas E. Nason, Trooper David A. Nieves and Detective Jeffrey P. Carlson are entitled to summary judgment as to Count IV (one of several Counts asserted against them).

TROOPER SEAN P. HEALY
By his attorney

/s/ *Brian E. Burke*
Brian E. Burke/BBO # 553393
**BURKE & ASSOCIATES**
325 Great Road
Littleton, MA 01460
Voice: (978) 486-9145
Fax: (978) 486-9362
Burke_Brian@msn.com

December 18, 2017

### CERTIFICATE OF SERVICE

I, Brian E. Burke, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on December 18, 2017.

/s/ Brian E. Burke